IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2157-FL

| | |
|---|---|
| DAVID HORNE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TRACY JOHNS, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the motion to dismiss, or in the alternative, motion for summary judgment pursuant to Federal Rule of Civil Procedure 56[1] (DE # 5) of respondent Warden Tracy W. Johns and . The issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion.

## STATEMENT OF THE CASE

On December 11, 2009, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner requests that this court order the Bureau of Prisons ("BOP") to find him eligible for the early release incentive provided pursuant to 18 U.S.C. § 3621(e). Petitioner also requests that this court award him up to one year off his sentence if he completes the BOP's Residential Drug Treatment Program ("RDAP").

---

[1] Because the parties have attached matters that are outside of the pleadings, respondent's motion will be construed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 12(d).

On February 24, 2010, respondent filed a motion for summary judgment. Respondent argues that petitioner's petition should be dismissed for failure to exhaust administrative remedies. On March 12, 2010, petitioner filed a response to respondent's motion.

**DISCUSSION**

A. Standard of Review

Summary judgment is appropriate when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B. Analysis

Respondent contends that petitioner's § 2241 claim should be dismissed because he failed to exhaust his administrative remedies. In response, petitioner argues that he does not have to comply with the exhaustion requirement because the PLRA does not apply to habeas corpus proceedings. Petitioner is correct in that the PLRA does not apply to habeas proceedings. See Watkins v. Holt, 177 F. App'x. 251, 253 n.4, 2006 WL 1140129, at **1 (3d Cir. May 1, 2006) (unpublished) (citing Booth v. Churner, 206 F.3d 289, 295 (3d Cir. 2000)). However, a federal prisoner challenging the execution of his sentence still must exhaust administrative remedies before

2

seeking review in federal court pursuant to § 2241. See McClung v. Shearin, 90 F. App'x 444, 445, 2004 WL 225093, at **1 (4th Cir. Feb. 6, 2004) (per curiam) (unpublished); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam); Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). Failure to exhaust may be excused only upon a showing of cause and prejudice. McClung, 90 F. App'x at 445 (citing Carmona, 243 F.3d at 634-35).

Petitioner next argues that exhaustion of his administrative remedies would be futile. Exhaustion of administrative remedies may be excused when a petitioner establishes that exhaustion would be futile. United States v. Strickland, No. 7:98-CR-82-5-F(1), 2004 WL 3414644, at *1 (E.D.N.C. Aug. 9, 2004), aff'd, 126 F. App'x 116, 117 (4th Cir. Aug. 18, 2005) (per curiam) (unpublished) (citations omitted). Petitioner bears the burden of demonstrating futility. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). Exhaustion is futile if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." Strickland, 2004 WL 3414644, at *1 (citing James v. United States Dep't of Health & Human Servs., 824 F.2d 1132, 1139 (D.C. Cir. 1987)).

Petitioner bases his futility claim on the fact that another inmate, Jeff Cockerham, allegedly exhausted his administrative remedies for an issue that is identical to the issue petitioner raised in this action. Even if true, petitioner has failed to show futility. Petitioner has not shown that the BOP does not have jurisdiction over the issue. Additionally, one inmate's experience with the grievance proceedings is insufficient to establish that the BOP has taken a strong position on the issue, much less an unwillingness to reconsider its position. See McKnight v. Whitehead, No. WDQ-10-1026, 2010 WL 1780135, at *2 (D. Md. Apr. 28, 2010) (unpublished); Almeida v. Stansberry, No. 5:05-

HC-834-D (E.D.N.C. June 14, 2006) (unpublished); Fieldings v. Fed. Bureau of Prisons, No. 5:05-HC-835-H (E.D.N.C. May 1, 2006) (unpublished). Thus, petitioner has failed to meet his burden of establishing the futility of administrative review. Finally, petitioner has not shown that he personally was prevented in any way from filing a grievance on the issue. Thus, petitioner has not demonstrated that exhaustion would be futile in this case.

The court now will determine whether petitioner complied with the BOP's administrative remedy program. The evidence in the record demonstrates that petitioner has not filed any administrative remedy complaints through the BOP's Administrative Remedy Program. (Resp't's Mem. Supp. Mot. for Summ. J., Ex. 1 ¶ 6.) Petitioner has not demonstrated cause or prejudice necessary to excuse the failure to exhaust administrative remedies. Rather, petitioner's conclusory allegations based on the alleged experience of another inmate are insufficient to excuse the exhaustion requirement. Petitioner's action is accordingly dismissed without prejudice to allow him the opportunity to exhaust his administrative remedies.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 5) is GRANTED, and this action is DISMISSED without prejudice to allow petitioner the opportunity to exhaust his administrative remedies. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 21st day of June, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge